## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DIANA AYALA-PADRÓ, <u>et al.</u>,** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL NO. 13-1876 (PAD)** |
| **MUNICIPALITY OF ARROYO, <u>et al.</u>,** | |
| **Defendants.** | |

## OPINION AND ORDER

Plaintiffs initiated this action seeking declaratory and injunctive relief and damages under Federal and Puerto Rico law (Docket No. 27). Before the Court are three (3) separate motions to Dismiss: (1) "Motion to Dismiss Second Amended Complaint as to Defendants Rodriguez-Vallés, Cora, Crespo and Devarié" (Docket No. 30); (2) "Motion to Dismiss Second Amended Complaint" filed by the Municipality of Arroyo (Docket No. 32); and (3) "Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)," filed by Carlos A. Meléndez-Garcia (Docket No. 63). For the reasons stated below, defendants' motions are GRANTED IN PART AND DENIED IN PART.

## I.    BACKGROUND

In the November 2012 election, the Popular Democratic Party ("PDP") candidate, Erick Bachier-Román, defeated the New Progressive Party-affiliated ("NPP") mayor of the Municipality of Arroyo (Basilio Figueroa-De-Jesús) by less than a thousand votes, and for the very first time in twenty (20) years the PDP assumed control of the Municipality (Docket No. 27 at ¶¶ 62).

Plaintiffs are twenty-three former fixed-term ("transitory") employees and seven career employees of the Municipality.[1] The fixed-term plaintiffs claim their lost they jobs when the

---

[1] Plaintiffs Diana Anaya-Padró, Wilmari Anaya-Torres, Yazmin Cora-Gracia, Jean Carlos Cruz-Gómez, Diana De Jesús-Figueroa, Lysmarie Espinel-Ortega, Ausberto Flores-Figueroa, Gloria Fonseca-Delgado, Nilka Garay-Soto, Enrick D. González-González, Javier González-Fabbiani, Omayra Guzmán-González, Xavier Marcial-Meléndez, Iricelis Lebrón, Nora J. Rivera-Rivera, Aida S.

Municipality's administration switched from NPP to the PDP, while the career plaintiffs complain of having been subjected to a pattern of political harassment, substantial deprivation of duties, and working conditions vastly inferior to the norm. Id. at ¶¶ 30-33, 35-36, 84, 593-601, 627-629, 641-648, 660-661, 666-669, 681-685, 697-700.  Along the same line, several career plaintiffs claim (1) that they have not been given any work to do, (2) that their supervisory authority has been stripped from them, and (3) that defendants have consistently stifled their attempt to perform the work they were hired to perform.  Id.

Plaintiffs attribute the allegedly adverse actions to their political affiliation, beliefs, and involvement in support of a political party and candidates not affiliated with the PPD in a statewide and municipal basis, and sued defendants under 42 U.S.C. § 1983, essentially complaining of having been discriminated against because of their political affiliation in violation of the First Amendment.[2]   The amended complaint contains 129 pages and more than 722 allegations. Defendants moved to dismiss (Docket Nos. 30, 32 and 63), plaintiffs opposed defendants' motion (Docket Nos. 50 and 74), defendants Rodriguez-Vallés, Cora, Crespo, Devarié and Meléndez-Garcia replied (Docket Nos. 57 and 77), and plaintiffs sur-replied (Docket No.71).

---

Santos-Santiago, Yesenia Silva-Rodriguez, Javier Soto-Cruz, Yadira Soto-Martínez, Juan Carlos Tirado-Vega, and Irvin Torres-Meléndez are former transitory employees.  Plaintiffs José Alicea-Soto, Rafael Bulgala-Rodríguez, Néstor Ramírez-Tirado, Carlos Rodríguez-Sánchez, José Torres-Echevarría, and Luis Torres-Mariani are career employees currently employed by the Municipality. Plaintiff Rafael Soto-Cardona is a former employee who claims to have been terminated on the false reason that he had not completed his probationary period.

[2]  Defendants are Glenda Rodríguez-Valles, Josue Crespo, Wisesther Bermúdez-Rivera, Carlos A. Meléndez-García, Juan Devarié, Frank Cora, Erick Bachier, in their personal and official capacities, and the Municipality of Arroyo.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint need only include sufficient facts to make it plausible on its face.  Rodriguez-Vives v. Puerto Rico Firefighters Corps. of Puerto Rico, 743 F.3d 278, 283 (1st Cir. 2014); Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013).

Plausibility exists when the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged.  Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224 (1st Cir.2012); Sepulveda-Villarini v. Department of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010).  It does not, however, require a plaintiff to allege every fact necessary to win at trial or to successfully resist summary judgment.  Rodríguez-Reyes, 711 F.3d at 53-54; Rodríguez-Vives, 743 F.3d at 286.

The complaint must be viewed as a whole, construing well-pleaded facts in the light most favorable to plaintiff, accepting their truth, and drawing all reasonable inferences in plaintiff' favor.  Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  Dismissal is not warranted if, so measured, the allegations plausibly narrate a claim for relief.  Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 717 (1st Cir. 2014).[3]

---

[3]  A motion to dismiss is designed to test the sufficiency of the pleadings.  Its primary focus is on the complaint, not on materials outside the pleadings.  Consequently, the Court has not considered the exhibits attached by defendants in support of their motions (Docket No. 30, Exhs. 1-19 and Docket No. 32, Exhs. 1-21).  The "narrow exception" that would allow consideration of documents outside of the complaint is inapplicable here.  Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d at 716-717.

# III.   DISCUSSION

## A.   First Amendment Claims

Section 1983 is the conventional vehicle through which relief may be sought for claims of political discrimination by state actors.  For this purpose, Puerto Rico is the functional equivalent of a state. Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d at 54.  To establish a *prima facie* case of political discrimination, a plaintiff must demonstrate: (1) that he and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for that adverse employment action. García-González v. Puig-Morales, 761 F.3d 81, 96 (1st Cir. 2014).

In this context, liability may not be based on a *respondeat superior* theory. Ramírez-Lluveras v. Rivera-Merced, 759 F.3d 10, 19 (1st Cir. 2014).  Each defendant must have personally participated in, encouraged, condoned, or acquiesced in rights-violating conduct.  Ayala-Rodríguez v. Rullán, 511 F.3d 232, 236 (1st Cir. 2007); Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 16.  In line with that requirement, a plaintiff must plausibly plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. Ashcroft v. Iqbal, 556 U.S. 662, 676-677 (2009).

## 1.   Motion to Dismiss filed by defendants Rodriguez-Vallés, Cora, Crespo and Devarié (Docket No. 30)

Defendant Rodriguez-Vallés is the Human Resources Director of the Municipality.  Cora, in turn, is the Director of the Public Works Office. Crespo directs the Emergency Management Office and Devarié the Section 8 Program of the Municipality.  The four were appointed to these positions by Bachier-Roman after he assumed office in January of 2013 (Docket No. 27 at ¶¶ 42,

42(b), 43, 43(b), 44, 44(b), 47 and 47(b)).  Their main contention is that, even assuming the amended complaint crossed the threshold of plausibility on political discrimination, plaintiffs failed to allege that any of them are plausible defendants or that they participated in any way – either as perpetrators or accomplices – in the alleged adverse actions (Docket No. 30, Exh. 1 at p. 2).  A purview of the pleadings in the light most favorable to plaintiffs confirms the allegations regarding Cora, Crespo and Devarié are insufficient to link them with the personnel actions at issue.

First, as to defendant Cora, paragraphs 660 and 661 of the amended complaint state that (1) after the change in administration, one of the plaintiffs (Torres-Echevarría) was transferred to the Public Works Department, and was not assigned any duties at the office for months; (2) he requested Cora to be assigned duties inherent to his position, to no avail; (3) instead, plaintiff has been sporadically assigned duties as a driver, less than a handful of times each month; and (4) the rest of the time he remains idle in the office, where he is not even allowed to answer the phone (Docket No. 27 at ¶ 662).  Nowhere in the pleadings have plaintiffs allege any political animosity on the part of Cora or connect him to the adverse actions of which they complain.

Second, defendant Crespo is only mentioned once in paragraph 44(e) of the amended complaint, where plaintiffs claim, without detail, that he "participated in, directed, executed and/or condoned the adverse employment actions giving rise to this complaint." More is needed to plead a plausible claim for relief under Section 1983.

Third, three allegations make reference to defendant Devarié at paragraphs 597, 697 and 698 of the amended complaint.  In that sense, plaintiffs point out that plaintiff Rodríguez-Sánchez[4]

---

[4] Rodriguez-Sanchez was the HR Director under the NPP administration (Docket No. 27 at ¶ 591).

was working at the Human Resources Department and was speaking to Devarié and a person named Antonia Mercedes Rodríguez, when he suddenly realized that he did not have his high blood pressure mediation and wanted to go to his home – which was near the Human Resources Department.  Because he could not find anyone with authority to request permission to briefly get his medication, he told Devarié and Rodríguez that he would be right back, which he was. However, on his way to get his medication, he crossed paths with the Mayor's Chauffeur, and soon after returning to the office, Mayor Bachier-Román admonished him as to the required permission to leave his work area.  More specifically, Bachier-Román is alleged to have told him "you have to clear it through my people," (which plaintiff understood to mean the PDP people from Bachier-Román's administration).

The amended complaint also links Devarié with plaintiff Torres-Mariani;[5] who claims that he has not been assigned duties as Section 8 Coordinator.  Rather, he has only been assigned duties of inferior positions (such as Housing Inspector), which only occupy half of his day once every month, and of assisting in the payment process for Section 8 vouchers (which only takes up about four working days each month). The amended complaint further states that Devarié has been performing duties that correspond to his position as Director, as well as those that correspond to Torres-Mariani's position as Section 8 Coordinator. These allegations are not sufficient to infer any political animosity from Devarié or to link him with adverse actions.

Considering the insufficiency in allegations regarding Cora's, Crespo's and Devarié's involvement with the personnel actions at issue, the claims against them must be dismissed.  See, Redondo Waste Systems, Inc. v. López-Freytes, 659 F.3d 136, 140 (1st Cir. 2011)( complaint must

---

[5] Torres-Mariani was the Director of the Municipality's Section 8 Program under the NPP administration. Id. at ¶ 696.

allege facts personally connecting each defendant to the grounds on which that particular defendant is potentially liable for the constitutional violations); Ocasio-Hernández, 640 F.3d at 16 (same); Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 594 (1st Cir. 2011)(an adequate complaint must include not only a plausible claim but also a plausible defendant).

That is not the case, however, with respect to defendant Rodriguez-Vallés.  To the contrary, a careful reading of the amended complaint confirms that plaintiffs' have pled sufficient factual content to permit the Court to link her to actionable conduct.  For example, plaintiffs allege that she (1) was the Human Resources Director for the Municipality (Docket No. 27 at ¶ 42); (2) was appointed to that position after the PPD Mayor assumed the office, Id. ¶ 42(b); (3) enjoys the full trust of, and is loyal to Bachier-Roman and the PPD party of which she is a well-known member, contributor and supporter; (4) is a well- known supporter and contributor of Bachier-Ramón; and (5) supported Bachier-Ramón's campaign during the 2012 elections. Id. at ¶¶ 42 (c) and (d).[6]

Moreover, plaintiffs allege that Rodríguez-Valles participated, directed, executed and condoned the actions giving rise to the amended complaint.  Id. at ¶ 42(e).  They allege that (1) like all defendants, she was aware of their political affiliation, as they were very active in the NPP's candidate re-election campaign, and on many occasions crossed paths with Bachier-Román while campaigning for his opponent, Id. at ¶ 76; and (2) within weeks of assuming the reins of the Municipality, Bachier-Román, acting hand in hand with Rodríguez-Vallés, refused to renew plaintiffs' fixed-term appointments because of the plaintiffs' political affiliation, participation, and beliefs on behalf of a political party other than the PDP in a statewide and municipal basis, and

---

[6] Plaintiffs also claim she is married to a PDP affiliated assemblyman in the Municipality, and that their family is actively involved in politics in Arroyo. Id. at ¶ 59.

particularly because of their political involvement on behalf of candidates not affiliated with the PDP in a statewide and municipal basis. Id. at ¶ 81.

In the same axis, plaintiffs allege that Rodríguez-Vallés was instrumental in (1) identifying NPP employees that used to work at the Municipality and/or applied for work, (2) refusing to renew or extend plaintiffs' appointments, (3) receiving and/or evaluating applications for available positions, and (4) identifying PDP supporters to replace former NPP employees. Id. at ¶¶ 82-83. She played a role in the termination of regularly employed plaintiff Rafael Soto Cardona, as well as the mistreatment of other regularly employed plaintiffs – including one plaintiff that works directly under her command. Id. at ¶ 84.  Her knowledge of PDP supporters in Arroyo was instrumental in the process of replacing the plaintiffs that worked as fixed-term employees. Id. at ¶ 85.

The amended complaint avers that Rodríguez-Vallés openly stated that "NPPers" would not be given work (Id. at ¶ 86), and that a plaintiff saw Rodríguez-Vallés' and Bachier-Román's receptionist putting away employment applications from notorious NPP affiliated individuals (some of which are plaintiffs in this case) in a separate folder than the employment applications of other individuals.  Id. at ¶ 87.  Additional allegations detailing Rodriguez-Vallés participation on the alleged adverse actions were included in paragraphs 400, 596, 619.  Viewed as a whole in the light most favorable to plaintiffs, these allegations are sufficient to state a colorable First Amendment claim against Rodriguez-Vallés.

In the alternative, defendants claim that plaintiffs Anaya-Padró[7], Cora-Gracia, Cruz-Gómez, De Jesús-Figueroa, Espinel-Ortega, Flores-Figueroa, Fonseca-Delgado, Garay-Soto,

---

[7] The amended complaint states that Anaya-Torres' had an appointment expiration date of March 31, 2013 (Docket No. 27 at ¶ 12).

Gonzalez-Gonzalez, Guzmán-Gonzalez, Marcial-Meléndez, Rivera-Rivera, Rivera, A.S. Santos-Santiago, A. Santos-Santiago, Silva-Rodríguez, Soto-Cruz, Soto-Martínez, Tirado-Vega, Torres-Meléndez, Lebrón and González-Fabbiani were "transitory" employees whose positions expired by their own terms on December 31, 2012. As such, they posit, those plaintiffs did not have a continued expectancy of employment.

It is well settled that under the Elrod[8] line of cases, a plaintiff cannot be terminated, nor renewal of his contract refused, for partisan political reasons. Ayala-Rodriguez v. Rullan, 511 F.3d 232, 235 (1st Cir. 2007). This is true regardless of the transitory nature of the position. Id.; Padilla-Garcia v. Guillermo Rodriguez, 212 F.3d 69, 75 n.3 (1st Cir. 2000)(Elrod-Branti doctrine extends to a politically motivated non-renewal of a term of employment, regardless of the transitory nature of the position); Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 98 (1st Cir. 1997)(a municipality may not allow transitory employees' contracts to expire if the primary motive is to punish them for their political affiliation; the fact that a transitory employee does not have a reasonable expectation of renewal in his or her employment that would require due process protections does not defeat a First Amendment claim).[9] Against this measure, defendants' argument fails.

---

[8] Elrod v. Burns, 427 U.S. 347 (1976).

[9] As a final ground to dismiss plaintiff Soto-Cardona's claims, defendants aver he was separated for reasons unrelated to any political activity (Docket No. 30, Exh. 1 at pp. 14-15). In support of their contention, they have attached a Report and Recommendation issued by a hearing officer who presided over a hearing about Soto-Cardona's separation from employment, to question the veracity of Soto-Cardona's allegations. As the Court already indicated, however, no document attached to the motions to dismiss will be considered. See, Discussion at note 7. Defendants can bring this issue in a motion for summary judgment. Additionally, although defendants claim they are entitled to qualified immunity, the portion of their motion dedicated to the immunity issue is devoid of any legal analysis or reference to specific factual allegations justifying the disposition they seek.

### 2.   Motion to Dismiss filed by the Municipality of Arroyo (Docket No. 32)

The Municipality's motion to dismiss includes (1) a summary of the allegations in the amended complaint without any reference to the complaint (Docket No. 32 at ¶¶ 1-5); (2) conclusory statements apparently intended to show that certain plaintiffs "had no right or the expectancy for their contracts to be renewed" (Id. at ¶ 6); (3) twenty-one (21) exhibits that "prove" that some plaintiffs were notified by the NPP administration that the fixed term or transitory job contract would expire on December 31, 2012, without explaining why the "narrow exception" that would allow consideration of documents outside of the amended complaint applies to this case (Id. at ¶¶ 7, 10); (4) reference without analysis of two provisions of the "Ley de Municipios Autónomos del Estado Libre Asociado" (Id. at ¶¶ 8-9); and (5) a conclusory statement that plaintiffs lack a federal claim under the First Amendment ("their allegations claim of political discrimination, without even explaining why")  Id. at ¶ 16.

The motion falls short of demonstrating why dismissal is appropriate.  More developed argumentation is required to sustain a motion under Fed. R. Civ. P. 12(b)(6). See, Rolón v. Rafael Rosario & Associates, Inc., 450 F.Supp.2d 153, 167 (D.P.R. 2008)(it is not enough to merely mention a possible argument in support of a motion without developed argumentation.)

### 3.   Motion to Dismiss filed by Meléndez-Garcia (Docket No. 63)

Meléndez-Garcia is the Director of the Municipality's Federal Programs Office.  He was appointed by Bachier-Román after the former director, Bermúdez-Rivera, resigned (Docket No. 63).  His motion almost mirrors the motion filed by defendants Rodriguez-Vallés, Cora, Crespo

and Devarié at Docket No. 30, and similarly questions whether plaintiffs' adequately allege that he is a plausible defendant.[10]

In the main, plaintiffs allege that Meléndez-García (1) enjoys the full trust of, and is loyal to Bachier-Román and the PDP (Id. at ¶ 46(c)); (2) is a well-known member of the PDP in the Municipality, and a loyal follower, contributor and supporter of the PDP and Bachier-Román, and of his mayoral campaign during the 2012 election (Id. at ¶ 46(d)); and (3) has "participated in, directed, executed, authorized and/or condoned the adverse employment actions giving rise to this Complaint." Without a factual nexus, it is not feasible to conclude that plaintiff have plausibly pled Meléndez-Garcia's connection to the personnel actions in question.

### 4.  Supplemental State-Law Claims

Defendants requested dismissal of plaintiffs' state-law claims on the assumption the Court would dismiss the federal claims. Considering the preceding discussion, dismissal is not appropriate at this stage except as to Cora, Crespo Devarié, and Meléndez-García.

### C.  CONCLUSION

In light of the standard applicable to motions under Fed. R. Civ. P. 12(b)(6), the Court rules as follows:

(i)    the "Motion to Dismiss Second Amended Complaint as to Defendants Rodriguez-Vallés, Cora, Crespo and Devarié" (Docket No. 30) is GRANTED IN PART AND DENIED IN PART. Accordingly, plaintiffs' claims against Cora, Crespo and Devarié are dismissed;

---

[10] The motion similarly argues that, in the alternative, Meléndez-Garcia is entitled to qualified immunity (Docket No. 63, Exh. 1 at pp. 8-12). As with Docket No. 30, the portion of their motion dedicated to qualified immunity lacks the analysis linked to specific factual allegations necessary to sustain dismissal.

(ii)     the "Motion to Dismiss Second Amended Complaint" filed by the Municipality of

Arroyo (Docket No. 32) is DENIED WITHOUT PREJUDICE; and

(iii)    the "Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)," filed by

Carlos A. Meléndez-Garcia (Docket No. 63) is GRANTED.

**SO ORDERED**.

In San Juan, Puerto Rico, this 3rd day of February, 2015.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge